# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**STEVEN C. MANNION**<br>United States Magistrate Judge | Martin Luther King Jr, Federal Bldg.<br>& U.S. Courthouse<br>50 Walnut Street<br>Newark, NJ 07102<br>(973) 645-3827 |

February 28, 2017

## LETTER ORDER/OPINION

Re: D.E. No. 94
Romero v. County of Bergen, et al.
Civil Action No. 14cv6804 (SDW)(SCM) (consolidated with)

Tassillo, et al. v. County of Bergen, et al.
Civil Action No. 14cv6840

Dear Counsel:

Before this Court is Plaintiffs James Tassillo, Alvin Nunez, and Elby Tineo (collectively the "*Tassillo* Plaintiffs") motion to preclude Defendant County of Bergen (the "County") from presenting evidence identified in its Federal Rule of Civil Procedure ("Rule") 30(b)(6) deposition notice.[1] The County Defendants and Defendant Peter Incardone opposed[2] and the *Tassillo* Plaintiffs filed a reply.[3] The Court has reviewed the parties' submissions and for the reasons set forth below, the *Tassillo* Plaintiffs motion is administratively terminated without prejudice.[4]

---

[1] (ECF Docket Entry No. ("D.E.") 94).

[2] (D.E. 95, 96).

[3] (D.E. 97). Reply papers are not permitted on discovery motions without first obtaining permission from the magistrate judge. *See* L. Civ. R. 37.1(b)(3).

[4] (D.E. 94).

DISCUSSION & ANALYSIS

I.  MAGISTRATE JUDGE AUTHORITY

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[5] This District specifies that magistrate judges may determine all non-dispositive pre-trial motions[6] including scheduling motions[7] and discovery motions.[8] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[9]

II.  DISCOVERY DISPUTES

The Federal Rules of Civil Procedure must be construed by the Court and the parties to secure "the just, speedy, and inexpensive determination of every action and proceeding."[10] A Court's pretrial order "controls the course of the action unless the court modifies it."[11] This is because the Court maintains control over the schedule to expedite disposition of the action and to discourage wasteful pretrial activities.[12] This dispute concerns the adequacy of the deposition testimony given by the County's Rule 30(b)(6) witness, current Director of Public Safety Ralph Rivera ("Director Rivera"), on September 30, 2016.[13] Rather than raise a dispute at the deposition

---

[5] 28 U.S.C. § 636(b)(1)(A).

[6] L. Civ. R. 72.1(a)(1).

[7] Fed. R. Civ. P. 16(a).

[8] L. Civ. R. 37.1.

[9] § 636(b)(1)(A).

[10] Fed. R. Civ. P. 1.

[11] Fed. R. Civ. P. 16(d).

[12] Fed. R. Civ. P. 16(a).

[13] (D.E. 94-2, Certification of Donald F. Burke, Esq. ("Burke Cert.") at ¶¶ 18-21). It should be noted by all counsel that affidavits, declarations, and certifications are "restricted to statements of

and meeting and conferring with defense counsel, the *Tassillo* Plaintiffs unilaterally sought the Court's intervention and filed the pending motion without obtaining leave as required by this Court's rules and orders.

    a.  <u>Counsel Are Required to Meet and Confer</u>

Our Local Rules require that counsel "shall confer" in good faith and attempt to informally resolve any discovery disputes before seeking the Court's intervention.[14]  That requirement is also prescribed by the Paragraph 7 of the Initial Scheduling Order.[15] To ensure that this prerequisite is satisfied, when a discovery motion is filed, the movant must certify their efforts to confer in good faith to resolve the issue without court action.[16] Motion papers "shall set forth the date and method of communication used in attempting to reach agreement."[17]

The *Tassillo* Plaintiffs did not satisfy these requirements. At Director Rivera's deposition, counsel for Plaintiff Edward Romero raised an issue with the adequacy of his testimony which prompted the County to produce an alternative representative to testify.[18]  Accordingly, that dispute was resolved without Court intervention. By contrast, counsel for the *Tassillo* Plaintiffs

---

fact within the personal knowledge of the signatory. Argument of the facts and the law shall not be contained in such documents. Legal arguments and summations in such documents will be disregarded by the Court and may subject the signatory to appropriate censure, sanctions or both." L. Civ. R. 7.2(a). Accordingly, the Court shall disregard the arguments of fact and law contained within each of the certifications.

[14]  L. Civ. R. 37.1(a)(1).

[15] (D.E. 7, Initial Scheduling Order at ¶ 7).

[16] Fed. R. Civ. P. 37(a)(1).

[17]  L. Civ. R. 37.1(b)(1).

[18] (D.E. 95-1, Certification of Joseph Santanasto, Esq. ("Santanasto Cert.") at ¶¶ 13-15).

neither raised nor discussed any such dispute with defense counsel.[19] Instead, they contacted the Court by letter dated November 15, 2016 to request leave to file the instant motion.[20]

On November 21, 2016, the Court issued the following Text Order:

> The Court has reviewed the correspondence docketed at entries 85 and 88. Counsel should be familiar with the FRCP, this Courts local rules, and the requirements of the Initial Scheduling Order, D.E. 7 at Para. 7, which require that counsel have a *bona fide* meet and confer before raising discovery disputes to the Court by joint letter. Counsel shall confer for no less than 60 minutes on the issue prior to the 12/12/16 in-person conference.[21]

Despite the Court's Order, the *Tassillo* Plaintiffs failed to confer with defense counsel. On December 11, 2016, defense counsel "reached out to Mr. Burke [counsel for the *Tassillo* Plaintiffs] via telephone in an effort to resolve any deficiencies he believed to exist in Director Rivera's testimony."[22] Mr. Burke reportedly informed defense counsel that "he did not believe he needed to confer . . . regarding this matter," that he "was not interested" in remedying any alleged discovery deficiencies, but rather only cared about filing the instant motion.[23] Mr. Burke has not disputed this account of the conversation except to say that he offered to "proceed with another deposition . . . if the County of Bergen would compensate [the *Tassillo* Plaintiffs] for the time and expense of the first deposition."[24]

---

[19] (*Id.* at ¶¶ 16-17; D.E. 88).

[20] (D.E. 85).

[21] (D.E. 89).

[22] (D.E. 95-1, Santanasto Cert. at ¶ 20).

[23] (*Id.* at ¶¶ 21, 25-27).

[24] (D.E. 97-1, Pl.'s Reply, Burke Cert. at ¶ 7(b)(i)).

The next day, on December 12, 2016, counsel appeared before the Court for a status conference, and Mr. Burke did not raise the dispute with the Court. Thereafter, the *Tassillo* Plaintiffs filed their motion without a *bona fide* meet and confer with defense counsel or the required certification of their efforts to resolve the dispute.[25]

    b.   Prior Leave Required

The *Tassillo* Plaintiffs were also required to seek and obtain leave from the Court to file a discovery motion.[26] They did neither. While leave was initially requested to file the instant motion by letter on November 15, 2016, the Court ordered the parties to engage in a *bona fide* meet and confer prior to the December 12, 2016 in-person conference, and to raise the dispute by letter if it could not be resolved.[27] Rather than file an informal letter, as required by the Court, the *Tassillo* Plaintiffs filed the pending motion on January 4, 2017, without leave.[28] In cases such as this, the Federal Rules prescribe a variety of sanctions.[29] However, the Court will administratively terminate the motion without prejudice to afford the parties another opportunity to informally resolve this dispute.[30]

An appropriate Order follows:

---

[25] (*See* D.E. 94).

[26] (*See* D.E. 7, Initial Scheduling Order; D.E. 89).

[27] (D.E. 89).

[28] (D.E. 94).

[29] *See* Fed. R. Civ. P. 16(f) and 37.

[30] Counsel may consider a wide range of options. Perhaps the County will agree in writing to be bound by specific Rule 30(b)(1) deposition testimony that for the areas of perceived deficiencies in Rule 30(b)(6) testimony. Counsel may also consider specific written deposition questions or supplemental written responses to previously asked questions. There is also the option of producing additional witnesses as was done once before.

**ORDER**

**IT IS** on this Tuesday, February 28, 2017,

1. **ORDERED**, that the *Tassillo* Plaintiffs motion to preclude evidence identified in Defendants' Rule 30(b)(6) deposition notice (D.E. 94) is administratively terminated without prejudice; and it is further

2. **ORDERED**, that counsel will begin the meet and confer process within ten days of this Order and keep detailed notes of their efforts.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

2/28/2017 10:44:08 AM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
cc: All parties
    File